UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF: | * | CASE NO. 09-12676 |
| | * | |
| SOUTH LOUISIANA ETHANOL, L.L.C. | * | SECTION "A" |
| | * | |
| Debtors. | * | CHAPTER 11 |
| ****************************************** | | |
| | * | |
| SOUTH LOUISIANA ETHANOL, L.L.C. | * | |
| *Plaintiff* | * | |
| | * | Adversary No.: 09-01119 |
| VERSUS | * | |
| | * | |
| WHITNEY NATIONAL BANK, ET AL. | * | |
| | * | |
| ****************************************** | | |

**BENCHMARK DESIGN USA, INC.'S INTERVENTION AND ANSWER IN ADVERSARY PROCEEDING PURSUANT TO BANKRUPTCY RULE 7024**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

NOW INTO COURT, through undersigned counsel, Intervenor, Benchmark Design USA, Inc. files this, its Intervention and Answer in the Adversary Proceeding styled above, pursuant to the Court's Order of November 30, 2009 granting leave to file such intervention. As a secured creditor of Southern Louisiana Ethanol, L.L.C. ("SLE"), Intervenor intervenes as a Defendant.

In answer to the Adversary Proceeding, Intervenor/Defendant represents as follows:

1.

The introductory unnumbered paragraphs of the Complaint entitled "Overview" are background conclusory factual allegations and conclusions of law, and thus, no response is required of Benchmark. To the extent a response is deemed required, the

same are denied for lack of sufficient information upon which to premise a reasonable belief of the truth asserted therein, except to acknowledge that Benchmark did properly and timely file a lien against the property made the subject of this Complaint.

2.

In response to Paragraphs 1 through 4, Benchmark answers that jurisdiction is not disputed in this matter.

3.

The allegations in Paragraph 5 of the Complaint are admitted.

4.

No answer is required with respect to the allegations in Paragraph 6, as no allegations are made therein against this Intervenor/Defendant. Alternatively, the allegations in Paragraph 6 are denied for lack of sufficient information upon which to base a reasonable belief in the truth of the matters asserted therein.

5.

In answer to Paragraphs 7 through 21, Intervenor/Defendant answers by admitting it provided certain materials, labor, and/or equipment to Complainant as owner of the project described in the Complaint. Intervenor/Defendant was not paid in full for its efforts. As a result, Intervenor/Defendant filed of record in the Parish of Plaquemines, State of Louisiana, on or about February 17, 2009, a Statement of Lien and Privilege for $1,928,632.03, plus interest and costs. Intervenor/Defendant further answers the debts shown in the filed lien are lawful, due and owing and the recordation of the subject liens is timely and valid.

6.

The allegations of Paragraphs 22 and 23 constitute legal conclusions and requests for relief and, therefore, do not require a response. To the extent a response is deemed required, the same are denied for lack of sufficient information upon which to premise a reasonable belief of the truth asserted therein, except to assert that to the extent the allegations pertain to the contents of the public records of Plaquemines Parish, Louisiana, such records are the best evidence of the contents therein, and further excepting, that the lien held by Benchmark should be recognized as valid and ranked as primary to all other liens or otherwise as according to law.

7.

The last, unnumbered paragraph of the Complaint constitutes a prayer for relief, and therefore, does not require a response. To the extent a response is required, Benchmark asserts the lien held by Benchmark should be recognized as valid and ranked as primary to all other liens or otherwise as according to law.

8.

Any allegations not heretofore admitted or denied are denied.

**AND NOW FURTHER ANSWERING,** Benchmark avers and asserts as follows:

9.

Benchmark entered into a contract directly with SLE on August 8, 2007, a copy of which is attached hereto as Exhibit A.

10.

Pursuant to the contract, Benchmark performed valuable services, and provided valuable goods, which benefited the owner of the property, the Debtor. Benchmark asserts that its role through the contract, and its direct sale of product to the Debtor, falls within the statutory framework of the Louisiana Private Works Act, La. R.S. § 9:4801, *et seq*.

11.

Benchmark filed a Statement of Lien and Privilege on February 17, 2009 in the records of the Plaquemines Parish Clerk of Court asserting a Private Works Act lien in the total amount, at that time, of $1,928,632.03, plus interest and costs. A copy of the Statement of Lien and Privilege is attached hereto as Exhibit B.

12.

Benchmark did not abandon its work on the project until the date on which it filed its lien – February 17, 2009 – since it continued to perform work up to that date. As such, the lien was filed well before the 60 day statutory period for filing following abandonment, as that term is defined within the Louisiana Private Works Act. Therefore, any assertion that the lien was not filed timely is not in accord with the facts and the law and should therefore be rejected.

13.

Given the date of the filing of Benchmark's lien, the time for filing an enforcement action against the Debtor, and the time for filing a *lis pendens*, has not yet expired. Benchmark intends to seek temporary relief from the automatic bankruptcy stay so that it may comply with the Act and file its action, and *lis pendens*, timely.

14.

Benchmark asserts that its lien is superior and primary to any and all other liens pursuant to La. R.S. § 9:4821.

**WHEREFORE**, after due proceedings be had, Intervenor/Defendant Benchmark Design USA, Inc. prays the Court enter judgment in its favor and against all other parties hereto, recognizing the validity of the Benchmark lien and superiority of same as to all other liens, or for such other relief as may be deemed legal and just.

Dated:  December 15, 2009

                Respectfully submitted,

                **COTTEN SCHMIDT & ABBOTT, L.L.P.**

                By:    __/s/ Byron D. Kitchens_____
                          LAWRENCE E. ABBOTT (#2276)
                          larry-abbott@csa-lawfirm.com
                          BYRON D. KITCHENS (#25129)
                          bkitchens@csa-lawfirm.com
                          400 Lafayette Street, Suite 200
                          New Orleans, Louisiana 70130
                          Telephone:  (504) 568-9393
                          Facsimile:  (504) 524-1933

                **ATTORNEYS FOR INTERVENOR/
DEFENDANT BENCHMARK DESIGN
USA, INC.**