UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **SOUTH LOUISIANA ETHANOL, LLC** | **09-12676** |
| DEBTOR | SECTION A |
| | CHAPTER 11 |
| **SOUTH LOUISIANA ETHANOL, LLC** | ADVERSARY NO. |
| PLAINTIFF | **09-1119** |
| VERSUS | |
| **WHITNEY NATIONAL BANK, ET AL** | |
| DEFENDANTS | |

## MEMORANDUM OPINION

This matter came before the Court on the Motions for Summary Judgment filed by Whitney Nation Bank ("Whitney") and Broad USA, Inc. ("Broad").[1]

Summary Judgment is proper when no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law.[2] The Court must view the evidence introduced and all factual inferences in the light most favorable to the party opposing summary judgment.[3]

The relevant facts are not in dispute. The only issue that remains is the priority of ranking between two validly perfected interests in movable equipment under the law. As such, the matter is appropriately resolved by summary judgment.

---

[1] Pleadings 314 and 318.

[2] *Hassan v. Lubbock Independent School District*, 55 F.3d 1075, 1079 (5th Cir. 1995); Fed. R. Civ. Proc. 56(c); Bankruptcy Rule 7056(c).

[3] *Hightower v. Texas Hospital Ass'n,* 65 F.3d 443, 447 (5th Cir. 1995).

Broad sold equipment ("the Chiller Unit") to South Louisiana Ethanol, LLC ("SLE"). As an initial matter, Broad claims that SLE does not have valid title to the Chiller Unit since there is an unpaid vendor's lien. Louisiana law does not recognize conditional sales.[4] Under the Louisiana Civil Code, a sale is a contract whereby a person transfers ownership of a thing to another for a price in money. The perfection of the sale occurs when the thing is identified; the price is agreed; and the consent of the parties is obtained.[5] The parties identified the thing (the Chiller Unit), price (Jt. Stips. No. 7-9) and evidenced consent through delivery.[6] As a result, the sale was complete and title to the Chiller Unit passed to SLE at the latest, on delivery.

Louisiana law governs the perfection and ranking of the interests under consideration. While a debtor is located in a jurisdiction, the local law of that jurisdiction governs perfection, the effect of perfection or nonperfection, and the priority of a security interest in collateral.[7] SLE is located in Louisiana and the assets encumbered by the interests in favor of Whitney and Broad are located in Louisiana.

Whitney holds a perfected security interest in all movables, and specifically equipment, located at SLE's facility in Plaquemines Parish. The security interest was perfected upon the filing of a UCC-1 financing statement on February 15, 2007, in Plaquemines Parish.[8]

---

[4] *Baldwin Piano Co. v. Thompson*, 8 La.App. 212 (La.App. 1 Cir. 1928), *citing Barber Asphalt Paving Co. v. St. Louisa Cypress Co.*, 46 So. 193 (La. 1908).

[5] La Civil Code art. 2439.

[6] *See, Cluse v. H & E Equipment Services, Inc.*, 34 So.3d 959, 967 (La.App. 3 Cir. 2010).

[7] La. R.S. 10:9-301(1).

[8] La. R.S. 10:9-501(a)(2) and 310(a).

Subsequently, on November 17, 2007, Broad delivered the Chiller Unit to SLE's Plaquemines facility where it remains today. The Chiller Unit was sold on credit terms and SLE has not satisfied those terms. Both parties have stipulated that the Chiller Unit remains movable. Broad holds a Louisiana vendor's privilege over the Chiller Unit under Louisiana Civil Code arts. 3217(7) and 3227.

While Broad holds a valid vendor's lien, that interest is subordinate in rank to the security interest held by Whitney. La. R.S. 10:9-322(h) provides:

> A security interest has priority over a conflicting lien, other than an agricultural lien, in the same collateral except as otherwise provided in this Chapter or except to the extent the lien is created by a statute that expressly provides that the lien has priority over the security interest.
>
> Whether a sale or lease was entered into before January 1, 1990, the rights of a vendor under Civil Code Articles 2561, 3217(7), and 3227...are subordinate to the rights of a secured party with a security interest under Chapter 9 of the Louisiana Commercial Laws.[9]

The Louisiana Code articles which grant a vendor's privilege fail to provide that the lien will prime security interests created under Title 9. Thus the vendor's privilege is inferior to a validly perfected security interest under Title 9.[10]

Broad cites *Cristina Corp. v. Gulf Ice Co.*[11] in support of its position. However, *Cristina* involved the ranking of a collateral mortgage and a vendor's lien over an alleged immovable by destination. In *Cristina*, the collateral mortgagee held a security interest in immovable property.

---

[9] La. R.S. 9:4770; *First National Bank of Boston v Beckwith Machinery Co.*, 650 So.2d 1148 (La. 1995); *Bayou Pierre Farms v Bat Farms Partners, III*, 676 So.2d 643 (La. App. 3d Cir. 1996).

[10] *See, In re Compton*, 2006 WL 1453032 (Bankr. M.D. La. May 6,2006).

[11] *Cristina Corp. v. Gulf Ice Co.*, 55 So.2d 685 (La. App. 1st Cir. 1951).

The movable was delivered to the property and allegedly incorporated into the owner's facility. The collateral mortgagee argued that after delivery, the movable had become an immovable by destination and subject to its security interest. The vendor alleged that the movable remained movable and subject to its lien. The court found that the equipment remained movable after delivery and installation and, therefore, was subject to the vendor's lien. Since the mortgagee did not have a mortgage on movables, the competition between the two interests was resolved in the vendor's favor.

Broad also cites *Ford v. J. & J. Pallets, Inc.*[12] for the proposition that a vendor's lien outranks a security interest under Title 9, but the issues decided in *Ford* are much narrower than claimed. In *Ford* various assets were sold together for a lump sum partially paid in cash and partially financed by the seller. The cash portion of the purchase price was financed by a bank who acquired a mortgage on all the assets sold to secure repayment of its loan. The Act of Sale provided that the inventory was being sold on credit and detailed the terms of payment. When the purchaser defaulted, the seller alleged a vendor's lien over all the assets sold. The bank intervened alleging that only the inventory was subject to a vendor's lien because only the inventory was sold on credit. The court agreed. However, the *Ford* Court did not decide the issue of ranking on the inventory, merely that the vendor's lien did not extend to the other assets purchased for cash in the same sale.

For the above reasons, the Court holds that the security interest of Whitney primes the vendor's lien held by Broad. A Judgment in accord with this Opinion will be separately rendered.

New Orleans, Louisiana, January 18, 2011.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[12] *Ford v. J. & J. Pallets, Inc.* 623 So2d 91 (La. App. 1st Cir. 1993).