UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **SOUTH LOUISIANA ETHANOL, L.L.C.** | **09-12676** |
| | SECTION A |
| DEBTOR | CHAPTER 11 |
| **SOUTH LOUISIANA ETHANOL, L.L.C.** | ADVERSARY NO. |
| PLAINTIFF | **09-1119** |
| VERSUS | |
| **WHITNEY NATIONAL BANK, ET AL** | |
| DEFENDANTS | |

## MEMORANDUM OPINION

South Louisiana Ethanol, L.L.C. ("SLE") was formed to construct and operate an ethanol facility in Louisiana. Prior to its bankruptcy filing, SLE obtained a line of credit from Whitney National Bank ("Whitney") and retained Englobal Engineering, Inc. and Englobal Construction Resources, Inc.(collectively "Englobal") to provide design and construction services for the retrofitting of a industrial facility in Plaquemines Parish for ethanol production. Englobal retained J&C Welding & Fabrication, Inc. ("J&C") to perform parts of the construction project. J&C hired Industrial Process Technology, Inc. ("IPT") to perform parts of its contract.

SLE was unsuccessful and the plant was not completed. On July 24, 2008, IPT sued SLE, HPS Development, L.L.C., and J&C for amounts due under its contract with J&C in the United States District Court for the Eastern District of Louisiana ("District Court").[1] As the general contractor for the project, Englobal filed a motion to intervene based on its contact with J&C.

---

[1] *Industrial Process Technology, Inc. v. J&C Welding & Fabrication, et.al.*, 08-4008, United States District court, Eastern District of Louisiana.

Englobal also owed SLE indemnification on amounts claimed by subcontractors. However, the District Court denied Englobals' request, and while the denial was on appeal, it entered judgment in IPT's favor on the merits ("IPT Judgment").[2]

The IPT Judgment cast SLE and J&C in judgment for $733,336.46 plus judicial interest from the date of demand and all court costs. It also recognized a Private Works Act ("PWA") lien recorded by IPT prior to suit. The IPT PWA lien affected both the movable and immovable property owed by SLE. Whitney and Englobal held collateral mortgages over all SLE property. IPT's PWA lien was subordinate to both Whitney and Englobals' secured status on immovable property. The IPT lien did out rank Whitney and Englobal's secured claim over movables, however.

On August 25, 2009, SLE filed a petition for bankruptcy relief under chapter 11 of the United States Bankruptcy Code. SLE filed an adversary proceeding against IPT, Englobal, Whitney, and others claiming a security interest in its uncompleted ethanol facility. The adversary was to determine the validity, extent, and priority of the security interests asserted.

Several pre-trial motions were filed prior to hearing on the merits of the adversary. Among the motions filed were Motions for Summary Judgment by IPT, SLE, and Whitney. IPT's Motion for Summary Judgment ("IPT Motion") asserted that the IPT Judgment was *res judicata* as to all challenges except ranking.[3] Specifically, IPT alleged that the IPT Judgment recognized both the amount of its claim and the validity of its PWA lien. Englobal opposed the IPT Motion alleging that since it was not a party to the IPT suit, the IPT Judgment was not *res judicata* as to its interests or

---

[2] *Industrial Process Technology, Inc. v. J&C Welding & Fabrication, et.al.*, 08-4008, United States District court, Eastern District of Louisiana, docket no. 51.

[3] Docket no. 528.

2

claims. Specifically, Englobal alleged: 1) a valid PWA lien against the SLE property superior in rank to IPT; 2) defenses to payment of IPT's claims; and 3) defenses to indemnification claims filed by SLE against it based on the amounts due IPT.

The SLE and Whitney Joint Motion for Summary Judgment ("SLE Motion") challenged the validity of the PWA liens of J&C and IPT.[4] The SLE Motion asserted that a PWA lien could only be held by a licensed contractor under the Private Works Act. This position had been recognized by *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*,[5] and if applicable to the case, would have the effect of eliminating PWA liens that primed Englobal's mortgage over movables.

At a pre-trial conference on management of the adversary, the parties, including IPT, requested that this Court rule first on the SLE Motion, then the IPT Motion. The parties reasoned that should this Court find in favor of the PWA claimants and against SLE and Whitney on the SLE Motion, the IPT Motion would be moot.[6] They stipulated to a reservation of rights in favor of IPT on its defense of *res judicata* should IPT lose the SLE Motion.

Because the IPT Motion appeared to raise issues of first impression, this Court was persuaded that judicial efficiency and economy would be served by the parties' proposal. As a result, the SLE Motion was considered prior to the IPT Motion st at an evidentiary hearing held on March 29, 2011.

---

[4] Docket no. 489.

[5] *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC,* 578 F.3d 255 (5th Cir. 2009).

[6] Englobal did reserve the right to verify that the amounts owed to IPT were not duplicative of the amounts claimed by J&C.

The ruling on the SLE Motion found that any PWA claimant performing general contracting services while unlicensed could not possess a valid PWA lien. *It also found that any PWA claimant that acquired a license while performing general contracting services could hold a valid PWA lien to secure the amounts owed for work performed after the license was acquired.*[7] IPT was initially unlicensed when it began work at the SLE facility. However, on January 25, 2007, IPT acquired its contractor's license. As applied to IPT, the ruling recognized that amounts owed to IPT for work performed prior to January 25, 2007, were not secured by its PWA lien. *It also found that any work performed on or after January 25, 2007 was secured by IPT's PWA lien.*

After the entry of this ruling, the Court then heard the IPT Motion and ruled that the parties were barred by *res judicata* from challenging the IPT Judgment.[8] IPT then filed a Motion for Distribution.[9] At the hearing on the Motion for Distribution, the parties stipulated that IPT's entire claim accrued after January 25, 2007.[10] Therefore, whether by the IPT Judgment or the ruling on the IPT Motion, IPT's claim was secured by its PWA liens and it was awarded $811,672.16.[11] The

---

[7] Englobal's lien was not challenged in the SLE Motion because it had entered a settlement agreement with SLE and Whitney. However, Englobal was allowed to file briefs and argue the SLE Motion in case the settlement, which it challenged, was set aside on appeal. Englobal argued the absence of a license at the start of work prohibited the claimant from asserting a PWA lien even as to amounts earned after a license was acquired. This Court denied Englobals' legal position.

[8] Docket nos. 544 and 545.

[9] Docket no. 577.

[10] Because this Court's ruling on the SLE Motion was consistent with the IPT Judgment both as to the validity of the IPT PWA lien and amount owed, Englobal's Opposition was both moot and *res judicata*.

[11] Docket no. 591, p.7. Englobal continued to oppose the calculation of IPT's claim based on a reconciliation with J&C's accounts and verification of the amounts claimed as accruing after January 25, 2007. This Court overruled Englobals' Objections.

4

calculation of the amount due included the full IPT Judgment of $733,336.46; pre-judgment interest of $75,744.46; state court costs of $990.10; federal court costs of $350.00; and post-judgment judicial interest at the federal judicial rate until the bankruptcy petition was filed, $1,250.98.[12] This Court denied post-judgment interest after the bankruptcy petition was filed because the confirmed plan of reorganization prohibited the payment of post-petition interest on any claim.[13]

In sum, based on the ruling on the SLE Motion and the stipulation of the parties prior to distribution, this Court recognized that the IPT PWA lien secured all claims presented by IPT. This Court apologizes to the District Court for any confusion it caused.

New Orleans, Louisiana, April 26, 2013.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[12] Docket nos. 591 and 592.

[13] Docket no. 591, p. 13.